Jack BIRD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14715.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Miskovsky, Sullivan, Embry, Turner & Gregg, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Oklahoma County, James R. McKinney, Asst. Dist. Atty., for defendant in error.

BRETT, Judge.

This is an appeal from the District Court of Oklahoma County, in which plaintiff in error, Jack Bird, hereinafter referred to as defendant, was tried by a jury for the crime of Arson in the First Degree, found guilty and punishment assessed at fifteen (15) years imprisonment. When defendant's Motion for New Trial was heard, the State recommended that seven and one-half years of defendant's fifteen year sentence be suspended, and upon that recommendation by the prosecutor, the court suspended the last seven and one-half years of the sentence. From that judgment and sentence this appeal was lodged.

Defendant and four other persons; Jack Sussman, John Lester Randolph, Altus Leo Stevenson and Louis Farris, were charged with the offense of setting fire to a building at 4801 North Lincoln Boulevard in Oklahoma City, Oklahoma County, Oklahoma. Defendant was granted a severance, and his trial commenced on April 12, 1967. The Information charged in part:

"* * * In the night time set fire to and burned a certain uninhabited building located at 4801 North Lincoln Boulevard, in Oklahoma City, in said county and state, in which merchandising in the normal course of the operation of a res-

taurant business, a retail liquor store and a private club is carried on; the setting afire and burning of the said building, asforesaid, was with the felonious and malicious intent to destroy the said building;. * * *"

In presenting its case the State called twenty-five witnesses, two of whom were co-defendants, Altus Leo Stevenson, and Louis Farris. Both witnesses were granted immunity by the court prior to their testifying. The State called one rebuttal witness, that being Louis Farris, who was initially charged as a co-defendant. Expert testimony was necessary to explain the numerous exhibits which were introduced.

Defendant testified in his own behalf and offered an alibi that he was not at the place where the fire was in the early morning of November 14, 1966. Defendant also introduced testimony of his brother and five character witnesses.

In his brief the defendant offers three propositions, the first being: Leading questions, cross examination, incompetent evidence and prejudicial remarks by counsel for the State as well as incorrect rulings by the court, all denied defendant a fair trial. The second proposition states; a restaurant is not a merchandising business, and the third proposition asserts that the punishment is excessive.

■ We have reviewed the record carefully and find that there is merit to defendant's first proposition. The record reveals that the prosecutor, on cross-examination of defendant's character witnesses, persisted in making reference to a fire for which defendant's father was allegedly responsible in Texas, many years prior to the date of the alleged crime in the instant case. While this does not constitute reversible error, nevertheless, such reference could cause the jury to be prejudiced toward the defendant.

■ Defendant denied any participation in the planning or execution of the crime, and attempted to show that he was at another location when the fire took place;

however, the record clearly shows that a question of fact was presented for the jury and that fact was resolved against this defendant. See Miller v. State, Okl.Cr., 418 P.2d 220 (1966). We do not accept defendant's second proposition in which he asserts that a restaurant is not a merchandising business. He supports his argument with several Arkansas decisions, and at least one from the State of Texas. When Randolph v. State, Okl.Cr., 447 P.2d 1022 (1968) was affirmed, this question was settled.

■ Concerning the defendant's third proposition that the punishment was excessive, the record reveals that the defendant was given the maximum punishment provided under the statutes; and, in view of the prosecutor's recommendation that seven and one-half years of the fifteen year sentence be suspended, it appears that the prosecutor must have recognized that the punishment assessed by the jury may have been excessive.

Therefore, after considering the record and briefs before the Court, we are of the opinion that the judgment and sentence contained herein should be modified from fifteen (15) years, with the last seven and one-half (7½) years being suspended; to a term of seven and one-half years confinement under the direction and control of the Oklahoma Department of Corrections.

It is therefore the order of this Court that the judgment and sentence in District Court of Oklahoma County, case No. 32717 shall be modified from fifteen (15) years confinement in the Oklahoma State Penitentiary, with the last seven and one-half (7½) years suspended, to a term of seven and one-half (7½) years confinement under the direction and control of the Oklahoma State Department of Corrections; and the Warden of the Oklahoma State Penitentiary is directed to correct defendant's records to show a sentence of seven and one-half (7½) years, and as modified, judgment and sentence affirmed.

NIX, J., concurs.

BUSSEY, Presiding Judge (concurring in part).

I am of the opinion that the judgment and sentence should be affirmed without modification.